## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

| | |
|---|---|
| JAMES WILLIAMS | CIVIL ACTION NO. 5:15-cv-2278 |
| VS. | SECTION P |
| | JUDGE S. MAURICE HICKS |
| STEVE PRATOR, SHERIFF | MAGISTRATE JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff James Williams, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 25, 2015. When he filed his complaint, plaintiff was an inmate at the Caddo Corrections Center (CCC). In a noted received on November 3, 2015, he provided a post-office box address in Shreveport. His original complaint alleged that he was experiencing allergic reactions to certain foods and being denied appropriate medical care. He sued Caddo Sheriff Steve Prator and Director Wright of the CCC medical department; thereafter, in an amended complaint he named Nurse J. Graham and Nurse D. Yarnell as defendants. He prayed for punitive and compensatory damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### *Statement of the Case*

Plaintiff provided little detail in his original complaint and he was ordered to amend to provide, among other things.

"(1)  the name of <u>each person</u>  who allegedly violated plaintiff's constitutional rights;

(2)  a description of what actually occurred or <u>what each defendant did to violate plaintiff's rights</u>;

(3)  <u>the place and date that each event occurred</u>; and

(4)  a description of the <u>alleged injury</u> sustained as a result of the alleged violation."

Among other things, it was noted that in his original complaint, plaintiff identified only two defendants – Sheriff Prator and Medical Director Wright –  yet he alleged no fault on their parts. He was directed to amend and allege fault on the part of these defendants but failed to do so. Further, he was, as shown above, directed to describe what happened and to provide the place and date of each incident and a description of the injury or prejudice he experienced. In his amended complaint, he merely reiterated his claim that he "complained constantly to nurses on every shift about allergic reactions" and he "experienced great and extreme pain due to certain foods." He did not, however, allege which foods he was allergic to.

He claimed that Nurse Graham denied being responsible for the swelling plaintiff experienced in his face and hands. He also claimed that Nurse Yarnell advised him that if he wanted better food he should stay out of jail.

He alleged that after submitting "numerous complaints and writing ARP's" he was afforded medical care. Nevertheless, he complained that the nursing staff was indifferent to his

2

needs and implied that he was malingering, "writing [him] off as a nuisance."

He did admit that on some unspecified date he was put on medication and a different diet that "somewhat aided the symptoms for minor temporary relief." He concluded by claiming "that but for the indifference of the medical staff here at CCC, personally naming Nurse J. Graham, LPN and Nurse D. Yarnell, I would not had to suffer." [Doc. 6]

### *Law and Analysis*

### *1. Screening*

When he filed his complaint, plaintiff was a prisoner who had been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he was proceeding *in forma pauperis,* his complaint was also subject to screening under § 1915(e)(2).  Both §1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## 2. Medical Care

Plaintiff initially sued the Caddo Parish Sheriff and the Director of the CCC Medical Department. It is unclear, but it appears as though he was a detainee at the time of the complained of events.

It has long been held that "... [t]he State's exercise of its power to hold detainees and prisoners ... brings with it a responsibility under the U.S. Constitution to tend to the essentials of their well-being: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs ... it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause." *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 638-39 (5th Cir.1996) (*en banc*) (quoting *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989)).

Thus, a detainee's constitutional rights arise from "both the procedural and substantive due process guarantees of the Fourteenth Amendment." *Hare,* at 639 (citing *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)). The Due Process Clause of the Fourteenth prohibits the punitive confinement of a pretrial detainee since, by definition, the guilt of a detainee has not yet been adjudicated. *See Bell*, 441 U.S. at 535. Since plaintiff was apparently a pretrial detainee at all times relevant to this civil action, the issue herein is whether or not the complained of acts or omissions of the defendants amounted to a violation of plaintiff's due process rights under the Fourteenth Amendment.

In order to determine the standard of analysis for constitutional challenges brought by pretrial detainees under § 1983, courts are directed to first to classify the challenge as either an

attack on a "condition of confinement" or as an "episodic act or omission." *Flores v. County of Hardeman, Tex.*, 124 F.3d 736, 738 (5th Cir.1997) (citing *Hare*, 74 F.3d at 644).   In a detainee suit challenging conditions of confinement, the constitutional challenge is to the "general conditions, practices, rules, or restrictions of pretrial confinement." *Hare*, 74 F.3d at 644.  On the other hand,  an "episodic act or omission" case, complains of a particular act or omission of one or more officials, and it focuses on "whether [the] official breached his constitutional duty to tend to the basic human needs of persons in his charge." *Id.* at 645. A detainee who complains that an "episodic act or omission" resulted in an unconstitutional violation of a his Fourteenth Amendment rights is required to show that the officials acted with  "deliberate indifference" to his health and safety. *Hare*, 74 F.3d at 647-48; *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).  Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm.  Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm*.  Id.*

Thus, in order to establish an actionable constitutional violation  plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety.  *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the plaintiff to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Plaintiff's pleadings fall far short of alleging facts sufficient to establish deliberate indifference on the part of any of the Sheriff or Medical Director

5

identified in his original pleading or either of the two nurses identified in his subsequent pleading.

As to the nurses, it appears, at worst, that plaintiff was a victim of someone's negligence. Indeed, that is all his pleadings imply. To the extent that the pleadings allege negligence or even malpractice on the part of the two health care professionals he identified , plaintiff fails to state a claim for which relief may be granted since deliberate indifference is not equivalent to negligence.  Put simply,  deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under the deliberate indifferent standard, it is not sufficient that defendants should have known of a substantial risk; they must have actual knowledge of the risk and must thereafter have ignored it.  In other words, a civil rights  plaintiff must allege and prove that each of the defendants knew of and then disregarded an excessive risk of injury to him, and,  that they were both aware of the facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they drew that inference. *Id.* at 837.

### 3. Supervisory Officials

Further, with regard to his original defendants – the Sheriff and the Director of the CCC Medical Department – he alleged no fault on the part of either of these defendants. It appears that he seeks to hold them liable for the faults of their employees under the theory of *respondeat superior*.  However, "[s]upervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993).

"Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983).  In other words, to the extent that plaintiff seeks to sue the Sheriff and the Medical Director in their supervisory capacities, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by these defendants.  This he has not done and his complaint thus fails to state a claim for which relief may be granted.

### *Recommendation*

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §§1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or**

the legal conclusions accepted by the District Court, except upon grounds of plain error.

*See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, December 10, 2015.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**